## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MARY PICCIRILLI, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:24-cv-1530-MTS |
| | ) | |
| SAFECO INSURANCE COMPANY | ) | |
| OF ILLINOIS, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Third-Party Plaintiff Mary Piccirilli's Motion to Dismiss

and/or Consolidate and Motion to Remand.  Doc. [19].  Third-Party Defendant Safeco Insurance

Company of Illinois has filed its opposition.  Doc. [23].  For the reasons that follow, the Court will

grant the Motion in part and will deny it in part, thereby remanding this action to the St. Louis

County Circuit Court, the 21st Judicial Circuit of Missouri.

### I.    Background

This matter arises out of an automobile accident that occurred between Sam Tehrani and

Mary Piccirilli in St. Louis County, on or about June 17, 2019.  Doc. [5].  Thereafter, on May 03,

2022, Tehrani filed suit in the Circuit Court of St. Louis County alleging that Piccirilli's negligent

conduct caused the crash.  *Id.* ¶ 7.  Piccirilli responded with a counterclaim asserting that Tehrani's

negligence was to blame.  Doc. [6] ¶ 9.  The parties litigated both claims in state court until June

2024, when Tehrani settled his claim against Piccirilli and voluntarily dismissed it.  Doc. [11].

Meanwhile, Piccirilli's counterclaim against Tehrani remained pending.

On June 17, 2024, the state court granted Piccirilli leave to amend her Answer and add a

third-party  claim  against  Safeco  Insurance  Company  of  Illinois  ("Safeco").    Doc. [19] ¶ 2.

Piccirilli filed her Amended Answer nine days later.  Doc. [7].  In it, Piccirilli reasserted her counterclaim against Tehrani and, in the same responsive pleading, brought a third-party claim against Safeco for a declaratory judgment.  As Third-Party Plaintiff, Piccirilli alleges that she was insured by Safeco under an umbrella insurance policy at the time of the accident.  Doc. [7] ¶ 9.  She contends that her umbrella policy included "underinsured motorist coverage for damages caused by underinsured motor vehicles," *id.* ¶¶ 9–10, because her primary automobile insurance policy—also issued by Safeco—unambiguously provided underinsured motorist coverage, and according to Piccirilli, her umbrella policy incorporated the terms of that coverage by reference, *id.* ¶ 21.  Because she complied "in all respects" with the umbrella policy language, and because "[Safeco] . . . failed and refused to honor its obligations under its insurance policy," Piccirilli seeks a declaratory judgment as to "the terms of coverage, existence of coverage and legal effect of coverage."  *Id.* ¶ 11–12.  Ultimately, Piccirilli requests that "[Safeco] be ordered to provide underinsured motorist coverage in the amount of $1,000,000.00 per the terms of the Umbrella Policy purchased by [Piccirilli]."  *Id.* at 6.  Safeco received service on October 16, 2024.

On November 14, 2024, Safeco filed a Notice of Removal in this Court that purportedly removed "Piccirilli's declaratory action against [Safeco], ***and only that claim***."  Doc. [1] ¶ 7.  Safeco argues that Piccirilli's third-party claim is a "civil action brought in a State court of which the district courts of the United States have original jurisdiction."  Doc. [1] ¶¶ 8, 12 (citing 28 U.S.C. § 1441(a)).  Despite the original state-court suit between Piccirilli and Tehrani, which includes Piccirilli's still-pending counterclaim, Safeco contends that Piccirilli's third-party claim is a removable "civil action" because it is "an independent controversy with some new and different party."  *Id.* ¶¶ 11–12.  Moreover, Safeco argues that the third-party claim falls under the Court's diversity jurisdiction because the amount in controversy exceeds $75,000, and there is

complete diversity between the third-party Plaintiff and the third-party Defendant. *Id.* ¶¶ 17–18 (citing 28 U.S.C. § 1332(a)). Lastly, Safeco asserts that it satisfied all necessary procedural requirements for removal. *Id.* ¶¶ 19–21; *see generally* 28 U.S.C. § 1446.

Piccirilli has responded with a combined Motion to Dismiss and/or Consolidate to the First in Time Filed Cause of Action and Motion to Remand. Doc. [19]. She explains that, on November 11, 2024, Safeco Insurance Company of America, represented by same counsel, filed an action seeking a declaratory judgment "regarding the exact same issue as the above-stated State Court matter." Doc. [19] ¶ 7; *see Safeco Ins. Co. of Am. v. Piccirilli*, 4:24-cv-01508-SRC. Because this removed action was "the first in time filed cause of action" in state court, Piccirilli asks this Court to "dismiss or, alternatively, consolidate [that] improperly filed case" with this one. Doc. [19] ¶ 9 (citing Fed. R. Civ. P. 42(a)). Additionally, in her Motion to Remand, Piccirilli raises several procedural and jurisdictional defects regarding Safeco's removal, two of which are relevant to the disposition of her Motion. First, Piccirilli moves to remand because the third-party claim that Safeco has removed is not an independent, removable civil action under the applicable removal statute. *See* Doc. [19] ¶¶ 8, 20 (arguing that Safeco, in its Notice of Removal, "falsely alleged an 'independent cause of action exists' as to [the third-party] claim and the underlying counterclaim against Defendant Tehrani"). Second, Piccirilli argues that Safeco's removal is untimely given the fact that the original state-court action began in May 2022, and the ability to remove a diversity case that is not initially removable "is limited to one year after the initiation of the lawsuit." Doc. [19] ¶¶ 8, 10; *see* 28 U.S.C. § 1446(b)(3), (c)(1). The Court addresses each Motion in turn.

## II. Motion to Consolidate

The Federal Rules of Civil Procedure give federal courts broad discretion to consolidate actions or otherwise "join for hearing or trial any or all matters at issue in the actions," if they

- 3 -

"involve a common question of law or fact." Fed. R. Civ. P. 42(a). However, the Local Rules of the Eastern District of Missouri set several procedural limits with respect to this authority. Specifically, the Local Rules provide that "[a] party desiring the consolidation of related cases shall file a motion in the case bearing the lowest cause number," and "[t]he district or magistrate judge in the lowest-numbered case shall rule on the motion." E.D. Mo. L.R. 4.03. Put simply, Piccirilli has filed her motion in the wrong case. This matter has the higher cause number of the two at issue, so the Court will not rule on her motion. *See Martinez v. Union Pac. R. Co.*, 82 F.3d 223, 227 (8th Cir. 1996) (noting the Court of Appeals "has upheld strict compliance by trial courts with their local rules"). Therefore, the Court will deny her Motion to Consolidate.

### III.    Motion to Remand

Piccirilli's Motion to Remand, however, fares better. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants." In other words, removal is a "statutory right" that "gives certain defendants a choice of forum between two courts, each of which already has subject-matter jurisdiction over the type of action." *Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1054–55 (8th Cir. 2020) (en banc) (internal quotations omitted). Following removal, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days." 28 U.S.C. § 1447(c). "It is well-established that the removing party bears the burden of showing that removal was proper." *Nagel v. Wal-Mart Stores, Inc.*, 319 F. Supp. 2d 981, 983 (D. N.D. May 24, 2004). Moreover, all doubts concerning the propriety of removal must be resolved "in favor of remand to state court." *Hubbard v. Federated Mut. Ins. Co.*, 799 F.3d 1224, 1227 (8th Cir. 2015). Because Piccirilli's Motion was timely filed, *compare* Doc. [1], *with* Doc. [19] (indicating a filing date within § 1447's the 30-day

- 4 -

deadline), the Court proceeds to address two nonjurisdictional defects raised within, both of which are meritorious.[*]

First, Piccirilli disputes Safeco's contention that that her third-party claim is separate and independent from her underlying, still-pending negligence counterclaim. *Compare* Doc. [1] ¶¶ 8–12 (asserting that the third-party claim "is an independent, removable civil action"), *with* Doc. [19] ¶ 8 (arguing that removal was improper because "no independent action existed."). Safeco's independent-action argument seeks to address a threshold removal issue—that is, whether Piccirilli's third-party claim constitutes a "civil action" that is removable under § 1441(a). Unsurprisingly, Piccirilli contends the third-party claim and her still-pending negligence counterclaim are *not* independent from one another, and thus, Safeco's removal of the claim was improper. *See* Doc. [19] at 6–7 (analogizing to federal and state court joinder rules to illustrate the propriety of trying both the negligence and declaratory judgment claims in the same action and arguing that both claims will require a "determination of liability as to the underlying motor vehicle accident . . . [and hence] whether underinsured motorist coverage is applicable"). The Court agrees.

---

[*] Another issue provides an independent basis for remand—the fact that Safeco, as a third-party defendant in state court, did not have statutory authority to remove in the first place. Many courts have held that third-party defendants are not "defendants" under § 1441(a) and thus cannot remove. *See, e.g.*, *First Nat'l Bank of Pulaski v. Curry*, 301 F.3d 456, 462–63 (6th Cir. 2002); *see also* 14C Charles A. Wright *et al.*, *Fed. Prac. & Proc.* § 3730 (Rev. 4th ed.) ("Nor can third-party defendants brought into the state action by the original defendant exercise the right to remove claims to the federal court." (citing *Home Depot U.S.A. Inc. v. Jackson*, 587 U.S. 435, 440–42 (2019))). When litigants remove a state-court action without any statutory authority to do so, some courts remand for lack of subject matter jurisdiction. *See Pulaski*, 301 F.3d at 467; *Sharma v. HIS Asset Loan Obligation Tr. 2007-1*, 23 F.4th 1167, 1169, 1173 (9th Cir. 2022) (VanDyke, J.) (first explaining that "[r]emoval is a question of federal subject matter jurisdiction" and then remanding for lack of jurisdiction when the removing party was not a "defendant" under the removal statute). However, as the Court of Appeals for the Eighth Circuit has explained, "§ 1441(a) on its face is not a jurisdiction-granting provision." *Holbein*, 983 F.3d at 1054. Thus, any failure to adhere to § 1441(a)'s strictures is a nonjurisdictional defect subject to the 30-day deadline set forth in § 1447(c). *Id.* at 1053. Notwithstanding Piccirilli's failure to raise this ground in her Motion to Remand, the Court is still within its power to remand on this basis because her Motion was timely filed. *See Shipley v. Helping Hands Therapy*, 996 F.3d 1157, 1161 (11th Cir. 2021) (explaining that that, when a plaintiff files a motion to remand within the 30-day limit, "the court can order remand based on a different procedural defect that the plaintiff never raised"); *see also Schexnayder v. Entergy La. Inc.*, 394 F.3d 280, 284 (5th Cir. 2004) ("By its own terms, § 1447(c) is limited to *motions*, not *issues*.").

To argue that Piccirilli's third-party claim is a removable "civil action," Safeco invokes a long line of authority that has interpreted §1441(a) to allow only the removal of "independent suits." Doc. [23] at 9–11; *see, e.g.*, *Fed. Sav. & Loan v. Quinn*, 419 F.2d 1014, 1018 (7th Cir. 1969) (citing *Bondurant v. Watson*, 103 U.S. 281 (1880)). This is a "prudential doctrine [that] seeks to avoid the waste of having federal courts entertain satellite elements of pending state suits and judgments." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 724 (7th Cir. 2012) (cleaned up). The independence of a particular action "depends on the context of each case in which it arises." *Id.* Against this backdrop, some courts have held that a "civil action" under § 1441(a) can constitute a claim, or subset of claims, asserted within a larger state-court case, if the civil action ultimately removed satisfies federal subject matter jurisdiction. *See Stark-Romero v. Nat'l R.R. Passenger Co.*, 763 F. Supp. 2d 1231, 1273–74 (D. N.M. Jan. 12, 2011); *accord Arnold Crossroads, LLC v. Gander Mountain Co.*, 751 F.3d 935, 944 (8th Cir. 2014) (Smith, J., dissenting) ("[S]ound reasoning nonetheless favors concluding that a 'civil action' may constitute something less than 'an entire case.'").

As the Seventh Circuit has explained, "where the supplemental proceeding . . . involves an independent controversy with some new and different party, it may be removed into the federal court." *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 623 (7th Cir. 2013). "The cases that have determined whether . . . [certain] claims are removable civil actions have . . . analyz[ed] whether the proceeding is connected with the original judgment or case, or whether the proceeding involves an independent controversy with distinct and separate issues." *Stark-Romero v. Nat'l R.R. Passenger Co.*, 763 F. Supp. 2d 1231, 1270 (D. N.M. Jan. 12, 2011). In general, claims are not independent if one is "necessarily contingent and dependent on the outcome of the main claim and stems from the same wrong to the plaintiff." *Lewis*, 926 F.2d at 729, 733 n.11 (citing favorably

- 6 -

"numerous district courts" reaching that conclusion). In such cases, the purportedly removable civil action is "too ancillary to the main action" to be classified as separate and independent. *Id.* at 733 (discussing a prior version of 28 U.S.C. § 1441(c) that permitted removal of "separate and independent" claims that satisfied federal subject matter jurisdiction). According to Safeco, Piccirilli's third-party claim constitutes a removable "civil action" because it seeks new relief against a different party, and the third-party claim independently satisfies federal diversity jurisdiction. Doc. [1] ¶¶ 11–21.

Contrary to Safeco's assertions, the third-party claim is not a separate and independent controversy. Indeed, the third-party claim is "connected with the original . . . case," *Stark-Romano*, 763 F. Supp. 2d at 1270, because it is "necessarily contingent and dependent on the outcome" of her still-pending negligence counterclaim against Tehrani, *see Lewis*, 926 F.2d at 729, 733 n.11. As pleaded, Piccirilli contends that she is entitled to underinsured motorist coverage under her umbrella policy because, inter alia, it "incorporate[es] by reference" the underinsured motorist coverage that her primary automobile insurance policy provides, Doc. [19] ¶ 21, and she complied with all the necessary policy requirements after the crash, *id.* ¶ 11. She ultimately prays "that [Safeco] be ordered to provide underinsured motorist coverage" under the policy limits of her umbrella policy, *id.* at 6. But for a court to grant her that relief, it must first resolve Piccirilli's negligence counterclaim.

Under Missouri law, "the existence of [underinsured motorist] coverage and its limits are determined by the contract entered between the insured and the insurer." *Buehne v. State Farm Mut. Auto Ins. Co.*, 232 S.W.3d 603, 606–07 (Mo. Ct. App. 2007). Here, under the applicable policy language, Piccirilli is only entitled to underinsured motorist coverage for "compensatory damages which [she] is legally entitled to recover" from an underinsured motorist. Doc. [7-1] at

42. Missouri courts have interpreted such language to mean that Piccirilli must "establish liability, that is, causal negligence or fault, on the part of the other driver . . . [to] prevail on a claim for underinsured motorist coverage." *Amato v. State Farm Mut. Auto Ins. Co.*, 213 S.W.3d 202, 208 (Mo. Ct. App. 2007). Thus, if Piccirilli does not prevail on her negligence counterclaim against Tehrani, her request for an order compelling Safeco to "provide" her with underinsured motorist coverage for the crash would be moot. It follows that Piccirilli's third-party claim is necessarily contingent on her still-pending state-court counterclaim such that it is not a separate and independent, removable civil action under § 1441(a). Therefore, in addition to the defect identified above, the Court will remand on this basis.

Piccirilli's second defect requires less discussion. She argues that Safeco's removal was untimely because it flouts the statutory time constraints that Congress has placed on the removal of diversity actions. *See Singh v. Daimler-Benz AG*, 9 F.3d 303, 309 (3d Cir. 1993) (explaining that in 1988, Congress "imposed an absolute one year time limit" for removals premised on diversity jurisdiction). More specifically, she rightly points out that the ability to remove a diversity case that is not initially removable "is limited to one year after the initiation of the lawsuit," subject to a bad-faith exception not relevant here. Doc. [19] ¶ 10; *see* 28 U.S.C. § 1446(b)(3), (c)(1). In this instance, "the case stated by the initial pleading [was] not removable" because it was a state-law negligence action between two Missouri citizens. *See* Doc. [19] ¶ 13; § 1446(b)(3). Accordingly, the removal of this matter was improper because Safeco filed its Notice "more than 1 year after commencement of the action," *see* Doc. [19] ¶ 10 (stating that the original petition was filed on May 03, 2022); § 1446(c)(1). At least one other Judge in this District has seen fit to remand an action on this basis, and the Court will do likewise. *See Arnold Crossroads*, 751 F.3d at 938, 940 (discussing the district court's remand of a purportedly "separate

and independent" intervenor complaint because the removing party was "attempting to remove part of a state case more than one year after it had been initiated").

## IV. Conclusion

The Court will deny Third-Party Plaintiff Mary Piccirilli's Motion to Consolidate. However, the Court concludes that remanding this action to St. Louis County Circuit Court, the 21st Judicial Circuit of Missouri, is appropriate because Third-Party Defendant Safeco Insurance Company of Illinois lacked the statutory power to remove and because Piccirilli filed a timely motion to remand based on the following nonjurisdictional defects: (1) the removed third-party claim was not a separate and independent civil action, Doc. [19] ¶¶ 8, 22; and (2) the removal was untimely under § 1446(c)(1), *id.* ¶¶ 8, 10.

Accordingly,

**IT IS HEREBY ORDERED** that Third-Party Plaintiff Mary Piccirilli's Motion to Dismiss and/or Consolidate to First in Time Filed Cause of Action is **DENIED**.

**IT IS FURTHER ORDERED** that Third-Party Plaintiff Mary Piccirilli's Motion to Remand, Doc. [19], is **GRANTED**. A separate Order of Remand will be filed herewith.

Dated this 17th day of June 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE